UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA BYKOWSKI,<br><br>                           Plaintiff,<br><br>v.<br><br>HOLLAND AMERICA LINE-WESTOURS, INC.; HAL NEDERLAND N.V. CORP.; HOLLAND AMERICAN LINE N.V.; and HOLLAND AMERICA, INC.,<br><br>                           Defendants. | No. C04-318Z<br><br>ORDER |

This case comes before the Court on the Plaintiff's Motion for Summary Judgment, docket no. 18. The Court has considered the briefs both in support of and in opposition to this motion. The Court hereby DENIES the Plaintiff's Motion for Summary Judgment.

**BACKGROUND**

On February 13, 2004, Plaintiff Linda Bykowski filed a complaint alleging personal injury as a result of the Defendants' negligence. Complaint, docket no. 1, at ¶¶ 3.1, 3.2. The Defendants are Holland America Line-Westours, Inc., Holland American Line, Inc., HAL Nederland N.V. Corp., and Holland America Line N.V. Id. at ¶ 2.2. The Plaintiff alleges that she was injured while aboard the MS Zuiderdam when she was struck in the back of the neck by a patio umbrella that fell off an upper deck. Id. at ¶ 3.1; Geisness Decl., docket no.

ORDER  1–

19, at ¶ 2, Ex. 1 (Bykowski Dep. at 51:7-13).  The Defendants have stipulated to liability, but not damages.  Forsberg Decl., docket no. 23, at ¶ 2.

During the course of discovery in this case, Plaintiff Bykowski underwent a Fed. R. Civ. P. 35 examination administered by Dr. Mary E. Reif.  Reif Decl., docket no. 24, ¶¶ 6, 7.  Plaintiff Bykowski alleges that during the course of this exam she was injured.  Geisness Decl., docket no. 19, at ¶ 2, Ex. 1 (Bykowski Dep. at 69:8–70:8).  There is no evidence that Dr. Reif's examination of the Plaintiff fell below the standard of care.  Plaintiff's Motion, docket no. 18, at 6.

The Plaintiff now asks the Court to find, as a matter of law, that the Defendants are liable for any injury sustained by the Plaintiff during the course of her Fed. R. Civ. P. 35 examination.

## DISCUSSION

### 1.    Timeliness of Motion

The deadline for dispositive motions expired on March 4, 2004.  Minute Order, docket no. 15.  The Plaintiff filed this motion on July 7, 2005.  The Defendants argue the Court should deny the motion as untimely.  The Plaintiff argues that resolution of this issue would be helpful to the parties in evaluating their respective positions.  The Court agrees and will evaluate this motion on its merits.

### 2.    Failure to Amend

The deadline to amend the complaint expired on September 22, 2004.  Minute Order, docket no. 8.  The Defendants argue that the Plaintiff's complaint alleges a single cause of action for negligence stemming from an incident on March 2, 2003.  Through this motion, Defendants contend, the Plaintiff attempts to obtain summary judgment on a cause of action that she never pled.  The Plaintiff argues that as the Court has the power to grant the Plaintiff leave to amend the complaint, it should consider the Plaintiff's motion on the merits.  The Court agrees and will evaluate the Plaintiff's motion on its merits.

ORDER  2–

### 3. Standard

Summary judgment is appropriate when the movant demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). This motion asks the Court to decide a question of law: whether a defendant who negligently injured a plaintiff is liable for additional, aggravating injuries sustained during a Fed. R. Civ. P. 35 exam.

### 4. Governing Law

The Plaintiff argues that state tort law should be applied to this motion because maritime law provides no rule on the issue and the matter does not require national uniformity. The Defendants argue that maritime law has developed a substantial body of authority on shipowner defendants' liability for the actions of independent physicians. The Defendants argue that this body of law can be applied by analogy to this case and demonstrates that the defendants are not liable as a matter of law for the actions of independent contractor physicians. The Court need not decide the issue of which law governs, however, because under either federal law or state law, on which the Plaintiff relies, the Plaintiff's arguments fail.

### 5. Liability Under Federal Law

Federal maritime law has not addressed the precise question of whether a shipowner defendant is liable for injuries sustained during a Fed. R. Civ. P. 35 examination of a passenger. However, there are cases analyzing shipowner defendants' liability for the acts of shipboard physicians. These cases can be rationally analogized to this case. Both a Fed. R. Civ. P. 35 physician and a shipboard physician are selected by shipowner defendants. Both are independent professionals hired to perform medical work on a plaintiff. While a Fed. R. Civ. P. 35 physician, unlike a shipboard physician, is not hired to treat and care for the plaintiff, but to conduct a diagnostic examination, this distinction is not legally significant

ORDER  3−

for ascertaining shipowner defendant liability. If anything, a shipowner defendant has more responsibility for the actions of a shipboard physician, who may be treating a plaintiff in an emergency, than for the actions of a Fed. R. Civ. P. 35 physician performing a diagnostic examination.

Under maritime law, where a shipowner retains a physician to serve on its vessel to treat passengers, the shipowner is only liable if it negligently selects that physician. Barbetta v. S/S Bermuda Star, 848 F.2d 1364, 1369 (5th Cir. 1988) (citing The Korea Maru, 254 F. 397, 399 (9th Cir. 1918); The Great Northern, 251 F. 826, 830-32 (9th Cir. 1918)). If a doctor is negligent in treating a passenger, that negligence will not be imputed to the carrier. Id. Reasoning by analogy, a shipowner defendant is not liable for injuries sustained by a plaintiff during a Fed. R. Civ. P. 35 examination unless the defendant negligently selects that physician.

The Plaintiff does not allege that the Defendants were negligent in selecting Dr. Reif. The Plaintiff thus fails to allege one of the basic requirements of a claim of negligence under maritime law. The Plaintiff does not demonstrate that, taking all of the facts in the light most favorable to the non-moving party, she is entitled to summary judgment under maritime law on the Defendant's liability for injuries sustained during her Fed. R. Civ. P. 35 examination.

**6.     Liability Under State Law**

The Plaintiff relies on state law to argue that the Defendants are liable as a matter of law for injuries sustained during a Fed. R. Civ. P. 35 examination. However, the Court finds that under Washington law, the Plaintiff's arguments fail.

**a.     Liability for Acts of Independent Contractors**

The Plaintiff argues that the Defendants are liable for the actions of Dr. Reif because she was an independent contractor performing work which creates a peculiar risk of physical

ORDER  4–

harm to others and/or involves a special danger to others.[1]  To support her argument, the Plaintiff cites Restatement (Second) of Torts § 416:

> One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.

Restatement (Second) of Torts § 416.  The Plaintiff also cites Restatement (Second) of Torts § 427:

> One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

Restatement (Second) of Torts § 427.

Neither of these sections of the Restatement support the Plaintiff's position.  The Plaintiff cites no authority holding that a medical examination is either work creating a special risk of physical harm to others or work involving a special danger to others.   The comments to these sections demonstrate that a medical exam is not the type of work the sections were intended to apply to.  The comments to Section 416 refer to Section 413 for a description of peculiar risk of physical harm:

> This Section . . . . is not concerned with the taking of routine precautions, of a kind which any careful contractor could reasonably be expected to take, against all of the ordinary and customary dangers which may arise in the course of the contemplated work . . . . This Section is concerned with special risks, peculiar to the work to be done, and arising out of its character, or out of the place where it is to be done, against which a reasonable man would recognize the necessity of taking special precautions. The situation is one in which a risk is created which is not a normal, routine matter of customary human activity, such as driving an automobile, but is rather a special danger to those in the vicinity, arising out of the particular situation created, and calling for special precautions.

---

[1] The Defendants agree that Dr. Reif is an independent contractor.  Defendants' Response, docket no. 22, at 9.

ORDER   5–

Restatement (Second) of Torts § 413 (comment b). The examples the comments give of work creating a peculiar risk of harm include demolishing a building. Id. (comment c). A medical examination, unlike building demolition, does not create special risks against which a reasonable man would recognize the necessity of taking special precautions beyond those normally taken by a physician. The Court finds that Section 416 is not applicable to routine medical examinations.

Similarly, a medical examination is not the type of work contemplated by Section 427. The comments to this Section note that the type of work to which the Section refers is, "work of any kind [that] involves a risk, recognizable in advance, of physical harm to others which is inherent in the work itself, or normally to be expected in the ordinary course of the usual or prescribed way of doing it, or that the employer has special reason to contemplate such a risk under the particular circumstances under which the work is to be done." Restatement (Second) of Torts § 427 (comment c). The Section gives as examples of this type of work, work involving fire or high explosives, an excavation on a highway, or the use of scaffolding when painting a building. Id. Common sense tells us that injury is not inherent or expected during the ordinary course of a medical examination, and the Plaintiff has provided no authority to the contrary. The Court finds that Section 427 is not applicable to routine medical examinations.

    **b.**  **Liability for Harm Resulting from Subsequent Medical Treatment**

The Plaintiff argues that Defendants are liable under Restatement (Second) of Torts § 457. This Section renders an actor who negligently injures another liable for any additional bodily harm resulting from normal efforts of third persons in rendering aid. Restatement (Second) of Torts § 457. Section 457 has long been applied in Washington. See Lindquist v. Dengel, 92 Wash. 2d 257, 262 (1979).[2] The purpose of this Section is to

---

[2] Plaintiff argues in a footnote that maritime law recognizes the application of Restatement (Second) of Torts § 457 to maritime injuries citing De Zon v. American President Lines, 318 U.S. 660 (1943). See Plaintiff's Reply, docket no. 28, at 4 n.1. However, De Zon applies the Jones Act, which is inapplicable to this case as the Plaintiff is not a seaman, and does

ORDER   6–

compensate the injured party for injuries sustained as a result of medical treatment which is required because of the initial injury. See Restatement (Second) of Torts § 457 (comments a and b).

Restatement (Second) of Torts § 457 is by its terms inapplicable to this case. This Section only applies when the injured individual is additionally injured by someone *rendering aid*. A Fed. R. Civ. P. 35 examination is a purely diagnostic exam intended to provide information on the individual's condition for the purposes of litigation. See Fed. R. Civ. P. 35. By its nature, no treatment occurs during a Fed. R. Civ. P. 35 exam. Therefore, the rationale behind Section 457 does not apply to this case; the Plaintiff did not suffer an additional injury as a result of medical treatment required because of the initial injury. The injury Plaintiff alleges occurred as a result of a diagnostic exam required to pursue litigation. The Court finds that Restatement (Second) of Torts § 457 does not apply to injuries allegedly sustained during a Fed. R. Civ. P. 35 exam.[3]

## CONCLUSION

The Plaintiff has not demonstrated under either federal or state law that, taking all of the facts in the light most favorable to the non-moving party, she is entitled to judgment as matter of law. The Court DENIES the Plaintiff's Motion for Summary Judgment, docket no. 18.

---

not cite to the Restatement (Second) of Torts.

[3] The Plaintiff argues that the Court's denial of her motion for summary judgment would leave her without a remedy for her injuries. Plaintiff's Reply, docket no. 28, at 6-7. The Court declines to address this argument. Whether the Plaintiff has a remedy against Dr. Reif has no bearing on the merit of her claims against the Defendants.

ORDER   7–

IT IS SO ORDERED.

Dated this 31st day of August, 2005.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

ORDER 8–